## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

LADONNA LEVINGS,                                    )
                                                   )
                        Plaintiff,                 )
vs.                                                )         No. CIV-09-1006-D
                                                   )
MOUNTAIN COUNTRY FOODS, INC., et al.,              )
                                                   )
                        Defendants.                )

## <u>ORDER</u>

Before the Court is Plaintiff's motion for partial summary judgment [Doc. No. 70].

Defendant timely responded, Plaintiff filed a reply, and Defendant filed a Court-authorized surreply.

<u>Background:</u>

In this action, Plaintiff alleges that she was subjected to employment discrimination during

her employment and in connection with her termination. She also contends that she was denied

overtime compensation during part of the time period in which she was employed.  Defendants deny

all allegations of discrimination and contend no violations of federal or state law occurred during

her employment or in connection with her termination.

In her summary judgment motion, Plaintiff seeks judgment only on her claims that her

former employer, Defendant Mountain Country Pet Care, LLC,[1] violated the Fair Labor Standards

Act ("FLSA"), the Family Medical Leave Act ("FMLA"), and the Americans with Disabilities Act

("ADA"). She argues that the undisputed material facts in the record establish that she is entitled to

judgment on each of these claims.  Defendant contends that the record shows she has not submitted

_____

[1]Although Plaintiff also names as defendants Mountain Country Foods, Inc. and Mountain Country
Pet Care, LLC, a Utah limited liability company, her motion is directed only at Mountain Country Pet Care,
LLC, an Oklahoma limited liability company, in its capacity as her employer at the time of the alleged federal
law violations.

evidence sufficient to establish the elements of these claims and that material factual disputes preclude summary judgment.

Summary Judgment standard:

Summary judgment shall be granted where the undisputed material facts establish that one party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  A material fact is one which may affect the outcome of the suit under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  To avoid summary judgment, the opposing party must present more than a "mere scintilla" of evidence; the evidence must be such that "a reasonable jury could return a verdict for the non-moving party." *Id.*  The facts in the record and reasonable inferences therefrom must be viewed in the light most favorable to the nonmoving party.  *Swackhammer v. Sprint/United Mgmt. Co.,* 493 F.3d 1160, 1167 (10th Cir. 2007); *MacKenzie v. City & County of Denver*, 414 F.3d 1266, 1273 (10th Cir. 2005).  However, to establish the existence of a "genuine" material factual dispute, the nonmoving party must present evidence to show more than "some metaphysical doubt as to the material facts."  *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 45 U.S. 574, 588 (1986).

In opposing a summary judgment motion, a party cannot rely on allegations, personal beliefs, or conclusory assertions; instead, the nonmovant must come forward with evidence outside the pleadings sufficient to create a factual dispute with regard to the issue on which judgment is sought.  Fed.R.Civ.P. 56(c); *Celotex*, 477 U.S. at 324.  The facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (citing *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir.1992), *cert. denied,* 506 U.S. 1013 (1992)).  Conclusory arguments in the

nonmovant's brief are not adequate to create an issue of fact, and are insufficient to avoid summary judgment. *Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1136 (10th Cir. 2003).

"The purpose of a summary judgment motion is to assess whether a trial is necessary." *Berry v. T-Mobile USA, Inc.,* 490 F. 3d 1211, 1216 (10th Cir. 2007) (citing *White v. York Int'l Corp*., 45 F.3d 357, 360 (10th Cir.1995)). "In other words, there 'must be evidence on which the jury could reasonably find for'" the nonmoving party. *Id.* (quoting *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir.1995)).

The record before the Court:

Plaintiff was employed by Defendant at its Okeene, Oklahoma pet food manufacturing facility until her termination on November 19, 2009. The parties agree that she was initially hired in 2001. [2] Initially, her work involved general maintenance, including cleaning, repairing machinery, and whatever tasks were required of her. Later, she was given additional job duties and, in 2006, was promoted to the position of Packaging Supervisor, which she describes as a management position in which she supervised approximately 20 employees. In this position, she also was authorized to make recommendations regarding the hiring and firing of personnel. During this time period, her supervisor was Matt Dixon, who held the title of Chief Operating Officer and General Manager of the Okeene plant. Dixon is also a part owner of the Okeene business.

---

[2]There is no dispute that she was employed for this time period; however, Defendants' Answer to the Amended Complaint states that Mountain Country Pet Care, LLC of Oklahoma was her employer only from 2005 to 2009, and her employer during the previous years was Mountain Country Pet Care, LLC of Utah. This apparent dispute is not material to the claims on which she seeks judgment, however, as those claims are based on occurrences after 2005 and are asserted only against Mountain Country Pet Care, LLC of Oklahoma in its capacity as her employer. For this reason, the Court's reference to "Defendant" applies to Mountain Country Pet Care, LLC of Oklahoma. Both parties have also referenced only that entity as the defendant addressed by Plaintiff's motion.

While she held the position of Packaging Supervisor, Plaintiff was given a company-owned cell phone so that she would be available to answer business-related calls while she was not on company premises.

All employees at the Okeene plant, including management level employees, were non-exempt employees under the FLSA and were to be paid overtime for hours worked in excess of 40 hours during a workweek.  Only Matt Dixon and Rae Dixon, the human resources manager, were considered exempt employees.  Plaintiff and the other non-exempt employees did not always work a 40-hour workweek, as the number of hours worked was dependent upon the volume of business.  Employees sometimes worked only two to three eight-hour days in a given workweek.

The record reflects that, in December of 2008, Dixon suspended Plaintiff and relieved her of her supervisory duties, citing December 18, 2008 incidents involving her behavior toward co-workers and others.[3]  She returned to the plant on December 30, 2008 and, at that time, Dixon suggested she take FMLA leave for the purpose of receiving mental health treatment.  According to Dixon, Plaintiff acknowledged that she had encountered emotional issues, and told Dixon she had received treatment and counseling through a mental health clinic.  Records submitted to the Court under seal reflect ongoing treatment and counseling, including prescribed antidepressant medication, during the time period preceding December of 2008.

On December 30, 2008, Dixon gave Plaintiff the option of taking unpaid FMLA leave for up to twelve weeks; he told her that, upon receipt of a physician's letter releasing her to return to work, she would be guaranteed a job.  However, he also told her that she would not be employed

---

[3]As discussed, *infra*, the record reflects a factual dispute regarding the exact date on which Plaintiff was relieved of her supervisory duties.

in the supervisory position, but would be placed in another position upon her return to work.  Dixon also gave Plaintiff the option of resigning her employment if she chose not to take FMLA leave.  If she exercised the option to resign,  she was assured that she would receive a favorable reference, and Dixon would not oppose her effort to receive unemployment compensation.

Plaintiff elected to take FMLA leave, commencing on December 30, 2008.[4]  On  February 2, 2009, her physician released her to return to work.  She did so, and was assigned the position of quality control technician.  In that capacity, she did not have supervisory responsibilities, but her rate of pay and benefits remained the same as those applicable to her former position as a supervisor. The record reflects that, after her return to work, she received some disciplinary action regarding her employment.  However, the only performance review prepared during this time period rated her work as excellent in most categories, and her overall rating was a 4.1 on a scale of 1 to 5, with 5 being the highest rating.  The performance evaluation was dated April 7, 2009.

On May 15, 2009, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity  Commission  ("EEOC").   She  alleged  that  Defendant  discriminated  against  her  in violation  of  Title  VII  because  she  was  subjected  to  sexual  harassment  and  a  hostile  work environment based on her gender.  She further alleged that Defendant discriminated against her because she was regarded as disabled in violation of the ADA.  The EEOC made no determination regarding her charge, and provided a Right to Sue Notice on May 15, 2009.

The record before the Court reflects several disciplinary notes regarding Plaintiff during the time period of August through early November of 2009.  Some of these reflect that she reported late

---

[4]Plaintiff may contend that her FMLA leave commenced on December 18, and the record is unclear on this point.

to work, and at least one relates to her conduct toward other employees.  On November 19, 2009,

Dixon terminated Plaintiff's employment, citing a November 18, 2009 incident involving Plaintiff's

treatment of her co-workers.

Application:

I. Plaintiff's FLSA claim:

Plaintiff contends that she was not compensated for all overtime hours worked during her

employment, and she seeks damages measured according to the amount she contends she should

have received.  She further contends that Defendant's violation was willful and wanton, and she

seeks liquidated damages for the willful violation.

"The FLSA requires that an employer pay its employees one and one-half times their regular

rate of pay for any time worked in excess of forty hours per workweek."  *Archuleta v. Wal-Mart

Stores, Inc.*, 543 F. 3d 1226, 1228 (10th Cir. 2008) (citing 29 U. S. C. § 207(a)(2)).  Although the

FLSA exempts from this requirement certain employees who hold executive, administrative or

professional positions, it is not disputed that Plaintiff was not exempt from the overtime

requirements of the FLSA.  All employees other than Matt Dixon and Rae Dixon were non-exempt,

and were to receive overtime for hours worked in excess of a 40 hours during a work week.  Matt

Dixon dep., Defendant's Ex. A,  p. 45, lines 5-13.

Plaintiff bears the burden of proving, by a preponderance of the evidence, that her employer

violated the FLSA overtime requirements.  *Archuleta*, 543 F. 3d at 1233.  To do so, she must

establish the essential elements of her claim by showing that Defendant was subject to the FLSA

requirements, that she worked in excess of 40 hours during a workweek or workweeks, and that

Defendant failed to pay her overtime compensation at a rate of one and one-half times her regular

rate of compensation for the hours in question.  *See, e.g., Myers v. Copper Cellar Corp.,* 192 F.3d 546, 551 (6th Cir. 1999) (citing *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-87 (1946) (*superseded by statute on other grounds*)).

In this case, Plaintiff's only basis for seeking overtime compensation is her contention that, during some time period of her employment, she was given a company cell phone which Defendant used to contact her if questions or other issues arose while she was not on company premises.  She contends that she was not compensated for the time she spent in these cell phone communications and that such time constitutes work.   Defendant agrees she was not paid for time she expended using the cell phone.  Plaintiff now contends that because Defendant does not dispute this, she is entitled to judgment as a matter of law on her FLSA claim for overtime.

The records submitted by Plaintiff in support of her claim consist of Defendant's records reflecting cell phone calls during the time period of approximately 2006 through what appears to be sometime in 2008.  Plaintiff's Ex. 14.  Although the exhibit in which these records appear does not identify Plaintiff, she  submits an affidavit in which she states the records reflect her cell phone usage. Plaintiff's affidavit, Plaintiff's Ex. 2.   She states she was not compensated for the time expended on these calls, and she has calculated what she believes is the amount owed to her for the alleged uncompensated work time.  *Id.*

Plaintiff does not present evidence reflecting the number of hours she worked in any workweek during the time period she was required to utilize a cell phone to communicate with Defendant.  Her affidavit states she recalls her hourly salary was $13.00 in 2006, $14.00 in 2007, and $15.00 in 2008.  Plaintiff's Ex. 2, ¶ 10.  However, she does not provide evidence showing the amount of hours worked in any workweek or workweeks for periods in which she was paid those

hourly rates.  There is no evidence before the Court from which it can determine that she has shown, as a matter of law, that she worked in excess of 40 hours during any of the workweeks on which her claim is based and is entitled to FLSA relief.  The FLSA does not require compensation for time worked if the time does not exceed 40 hours in a workweek, and applies "a single workweek as its standard." 29 C.F.R. § 778.104.  Plaintiff's evidence is insufficient to allow the Court to determine whether she was entitled to overtime compensation on this basis.

Furthermore, Defendant has presented evidence that Plaintiff and other employees did not always work 40 hours during a workweek.  According to the testimony of Matt Dixon, Plaintiff and other employees sometimes worked only two to three days in a given workweek, depending upon Defendant's workload at the time.  Dixon Dep., Defendant's Ex. A, pp. 45-46.  Dixon also testified that, if employees worked in excess of 40 hours in a workweek, they were paid overtime compensation.  *Id.* at p. 46.  While he testified that they were not compensated for cell phone usage away from the premises, that testimony does not necessarily establish an FLSA violation.  Even if the cell phone usage constitutes compensable work time, no FLSA violation could occur unless the usage occurred during a period in which the employee had worked 40 hours in a workweek.

Accordingly, the evidence reflects that material factual disputes preclude judgment on Plaintiff's claim that she is entitled to overtime compensation based on time spent in cell phone usage.  Thus, the Court need not address the propriety of the calculation of the overtime she seeks, as that is subject to the same material fact dispute.

The Court also notes Defendant argues that, even if Plaintiff can show that some of the claimed time occurred during a 40-hour workweek, at least some of the amounts she claims are barred by the FLSA statute of limitations.   As Defendant correctly points out, the statute of

limitations for an FLSA overtime claim is two years, absent a showing of a willful violation by the employer. 29 U. S. C. § 255(a). Thus, absent a willful violation, any compensable time awarded to Plaintiff must have occurred no more than two years prior to the August 10, 2009 filing of this lawsuit. As Plaintiff argues in response, she alleges that Defendant's FLSA violation was willful, and that the limitations period for a willful violation is three years. 29 U. S. C. § 255(a). Because the question whether an FLSA violation occurred is a fact question for jury resolution, the issue of willfulness cannot be determined at this time. If the jury finds a violation, then it may also determine whether such violation was willful. These are factual disputes which cannot be resolved on Plaintiff's motion. Accordingly, Plaintiff's motion for summary judgment on her FLSA claim must be denied.

## II. Plaintiff's FMLA claim:

Plaintiff also contends that Defendant interfered with her statutory rights under the FMLA by failing to allow her to be reinstated to her former employment position when she returned from FMLA leave. Although she does not dispute that, upon return from leave, she was re-employed and received the identical salary and benefits as she had earned prior to taking leave, she argues that she was assigned to a different position which constituted a demotion.

According to the FMLA, any eligible employee who takes leave under the FMLA "shall be entitled, on return from such leave," to be restored "to the position of employment held by the employee when the leave commenced," or to "an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." 29 U. S. C. § 2614 (a)(1)(A) and (B). Plaintiff argues that, prior to commencing her leave, she held the position of packaging supervisor, a job she describes as managerial; she also contends she supervised approximately 20 other

employees, and her responsibilities included hiring and evaluation of employees under her supervision. It is not disputed that, upon her return, she was placed in the position of quality control technician. Although her salary and benefits were not altered, this position did not include supervisory responsibilities. Plaintiff continued to hold this position when she was terminated in November of 2009.

In seeking summary judgment on this claim, Plaintiff argues that, as a matter of law, her new position was not an "equivalent" position because it was not a supervisory job. She contends that, as a result, Defendant violated the FMLA, and she is entitled to judgment on this claim.

The Court agrees with Defendant that Plaintiff's characterization of her claim as asserting an FMLA interference claim is unclear.[5] An interference claim requires that Plaintiff establish she was entitled to FMLA leave, that Defendant took an adverse action which interfered with her right to take such leave, and that the adverse action was related to the exercise or attempted exercise of her FMLA rights. *Metzler v. Federal Home Loan Bank of Topeka,* 464 F. 3d 1164, 1180 (10th Cir. 2006). Plaintiff's argument in support of her claim, however, states that it was Dixon who suggested FMLA leave, and that she actually commenced such leave. She, in fact, argues that she was "forced" to take FMLA leave, not that she was prohibited from exercising a statutory right to such

---

[5]As Defendant points out, Plaintiff has failed to present evidence, or even assert an argument, showing that Defendant is an employer subject to the FMLA requirements regarding the statutory minimum number of employees. 29 U. S. C. § 2611(4)(A). Nor has Plaintiff presented evidence to show that she is an employee eligible for FMLA leave or protection. To be eligible, the employee must have been employed for at least twelve months at the time leave commenced, and she must have actually worked at least 1,250 hours during the previous 12-month period. 29 U.S.C. §2611(2)(A). While it is undisputed that she had been employed for the requisite twelve months, there is no evidence that she had worked at least 1,250 hours in the year prior to her leave. Because the record indicates Dixon suggested she take FMLA leave, however, he apparently believed she was eligible. If Defendant contends that she was not eligible, its contention raises a fact question which cannot be resolved at this time on the record before the Court. Defendant does not seek summary judgment, and does not argue that she is ineligible for FMLA coverage, only that she failed to effectively assert she is entitled to coverage.

leave.  *See* Plaintiff's brief in support of her motion, at p. 15.  Her claim of wrongdoing by Defendant is based on her argument that, when she returned from FMLA leave, she was not placed in her former job position or its equivalent.  That is the claim on which she seeks judgment.

Assuming Plaintiff is eligible for FMLA coverage, the record before the Court reflects that disputed material facts preclude judgment on this claim.  Defendant argues that the evidence reflects Plaintiff was removed from her position as packaging supervisor before she commenced FMLA leave.  According to Dixon, he told her on December 18, 2008 that she was being removed from the supervisor position; he contends he did so because she exhibited unprofessional conduct in the presence of other employees.  Dixon December 30, 2008 memorandum, Plaintiff's Ex. 3.  Defendant contends that the record reflects Plaintiff's FMLA leave did not commence until December 30, 2008. *Id.*  Plaintiff disputes the timing of her alleged demotion from the position of supervisor and contends that her position was not altered until she returned to work in February of 2009.  She states that Dixon told her on December 30 that she would be reemployed upon return from her FMLA leave; however, she contends he also told her at that time that she would not be returned to her supervisory position.  According to Plaintiff, the latter comment is sufficient to constitute a violation of the FMLA requirement that she be reemployed in an equivalent position.

The record before the Court reflects that Plaintiff and Dixon disagree with regard to the time at which her job responsibilities changed.  This factual dispute is material to her claim that the FMLA was violated because she was not returned to the position, or its equivalent, of the job she held when her FMLA leave commenced.   To the extent that this dispute involves the credibility of Dixon and Plaintiff with regard to the time at which she was removed from a supervisory job, it cannot properly be resolved in a motion for summary judgment.  When considering a summary

judgment motion, the Court must "view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party, but it cannot "make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 135 (2000) (citations omitted); *see also Anderson*, 477 U.S. at 255 ( "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.").

For the foregoing reasons, Plaintiff's motion for summary judgment on her FMLA claim must be denied.

III. Plaintiff's ADA claim:

Plaintiff's claim that Defendant violated the ADA by terminating her employment is based on the contention that Defendant regarded her as a disabled employee because Dixon believed she had emotional or mental issues. She now seeks judgment as a matter of law on this claim.

The ADA[6] prohibits employment discrimination against employees with disabilities, and its provisions prohibit discrimination against an employee who is "regarded as" disabled. 42 U. S. C. § 12102(2)(C).

An individual may qualify as disabled under the "regarded as" subsection in one of two ways: "(1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities." *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 489 (1999). The Tenth Circuit has adopted this analysis.

---

[6]As Plaintiff and Defendant agree, the ADA was amended in 2008, and the amendments are referred to as the ADAAA. The Court refers to the provisions relevant to Plaintiff's claim as the ADA.

*Barfoot v. Public Service Co. of Colorado,* 377 F. App'x 751, 754 (10th Cir. 2010) (unpublished opinion) (citing *Johnson v. Weld County,* 594 F. 3d 1202, 1219 (10th Cir. 2010)).  As the Circuit has further held, "[i]n either event, our focus is on an employer's subjective state of mind." *Rakity v. Dillon Cos*., 302 F.3d 1152, 1158 (10th Cir.2002) (citing *Sutton,* 527 U.S. at 489 and *Doyal v. Okla. Heart*, *Inc*., 213 F.3d 492, 495-96 (10th Cir. 2000)).

To establish her right to judgment on this claim, Plaintiff must show that Defendant mistakenly perceived her as disabled and took an adverse employment action based on its perception.  Plaintiff contends the undisputed material facts entitle her to judgment on this claim because there is evidence in the record that, on several occasions, Dixon stated his belief that Plaintiff had mental or emotional problems.  Plaintiff contends that she had no such problems.

While Plaintiff is correct that the evidence shows Dixon made such comments, that he did so does not entitle her to judgment as a matter of law on this claim.  Even if the Court could determine that Dixon mistakenly perceived her as having a mental or emotional disability, Plaintiff must also show that his mistaken perception was the reason for her termination.  Disputed facts regarding the existence of a causal connection preclude summary judgment on this claim.  The record includes evidence that Dixon stated his decision to terminate her was based on her conduct toward other employees rather than any purported belief that she was disabled because of perceived mental or emotional problems.  Dixon memorandum of November 19, 2009, Plaintiff's Ex. 23. While Plaintiff disputes the validity of the reasons given by Dixon, the evidence is sufficient to create a material factual dispute regarding the reason for her termination.  Summary judgment is thus precluded on this claim.    Plaintiff's motion must be denied.

Conclusion:

For the foregoing reasons, the Court concludes that material factual disputes preclude summary judgment on the claims asserted by Plaintiff.  As a result, her motion [Doc. No. 70] is DENIED in all respects.  The action will proceed accordingly.

IT IS SO ORDERED this 27th day of March, 2012.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE